

# The Attorney General of Texas

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

September 13, 1982

Honorable Ron Wilson, Chairman
Health Services Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.    MW-515

Re:  Public  hearing  prior  to
approval  of  a  site  for  a
housing authority project

Dear Representative Wilson:

You have inquired whether section 13a of article 1269k, V.T.C.S., required a housing authority to give public notice for final authorization of the construction of housing projects, if the vote for final authorization was held after September 1, 1981. Section 13a, which was effective September 1, 1981, states as follows:

(a)  A housing authority may not authorize the construction of a housing project unless the commissioners of the authority hold a public meeting about the proposed project prior to that site being approved for the housing project. The commissioners shall hold the meeting at the closest available facility to the site of the proposed project. At least a majority of the commissioners must attend the meeting. The commissioners shall give any person who owns or leases real property within a one-fourth mile radius of the site of the proposed housing project the opportunity to comment on the proposed project.

(b)  In addition to any other notice required by law, the commissioners shall post notice of the date, hour, place, and subject of the meeting at least 30 days before the scheduled day of the meeting on a bulletin board at a place convenient to the public in the county courthouse of the county in which the proposed project is to be located and on a bulletin board at a place convenient to the public in the city hall if the proposed project is to be located within the boundaries of an incorporated city. The commissioners shall have a copy of the notice

published in a newspaper or newspapers that individually or collectively provide general circulation to the county in which the proposed project is to be located. The notice must be published one time at least 30 days before the scheduled day of the meeting. The commissioners shall mail a notice containing the same information 30 days before the date of the meeting to any person who owns real property within one-fourth of a mile radius of the site of the proposed project. The commissioners may rely on the most recent county tax roll for the names and addresses of the owners. The commissioners shall also have posted at the proposed project site 30 days before the date of the meeting a sign having dimensions no smaller than four feet by four feet and bearing in eight-inch letters a caption stating 'Site of Proposed Housing Project.' The sign shall be located at a point on the proposed project site visible from a regularly travelled thoroughfare and shall state the nature of the project, the location of the project, the names and addresses of all governmental entities involved in the development of the proposed project, and the date, time, and place of the public meeting.

(c) An incorporated city or town or other political subdivision of the State may not issue a permit, certificate, or other authorization for the construction or occupancy of a housing project under this Act unless the housing authority has complied with the requirements of this section. (Emphasis added).

"Housing project" is defined by article 1269k, V.T.C.S., as follows:

'Housing Project' shall mean any work or undertaking: (1) to demolish, clear, or remove buildings from any slum area; such work or undertaking may embrace the adaption of such area to public purposes, including parks or other recreational or community purposes; or (2) to provide decent, safe, and sanitary urban or rural dwellings, apartments, or other living accommodations for persons of low income; such work or undertaking may include buildings, land, equipment, facilities, and other real or personal

property for necessary, convenient, or desirable appurtenances, streets, sewers, water service, parks, site preparation, gardening, administrative, community, health, recreational, educational, welfare, or other purposes; or (3) to accomplish a combination of the foregoing. The term 'housing project' also may be applied to the planning of the buildings and improvements, the acquisition of property, the demolition of existing structures, the construction, reconstruction, alteration, and repair of the improvements and all other work in connection therewith.

You state as follows in your letter requesting the opinion:

Let us assume that for an unspecified purpose a housing authority purchased real property before the effective date of section 13a; that after the effective date, the commissioners of the housing authority first voted to locate a housing project on the property; and that after this vote the commissioners authorized the construction of a housing project on the property.

You ask the following specific questions concerning this situation:

(1) Does a housing authority's purchase of real property for an unspecified purpose constitute approval of a site for a housing project?

(2) If your answer to the first question is in the negative, what action by a housing authority constitutes approval of a site for a housing project?

(3) If your answer to the first question is in the negative, does the prohibition established by section 13a of the Housing Authorities Law apply to a housing authority that acts in accordance with the previously described assumptions?

Under the statute, the relevant inquiry is as follows: when did the housing commissioners approve the site for a housing project? The requirements of section 13a must be complied with prior to such approval. We cannot resolve disputed fact questions in the opinion process. However, on the assumed facts you have presented, the

approval of the site for the housing project occurred after the effective date of section 13a and the requirements of that provision would have been applicable.

A housing authority has the power to provide for the construction of a housing project. Sec. 8(b). This power may be exercised by the housing commissioners acting as a body, in accordance with relevant procedures set out in the statute and bylaws. Secs. 5, 8(a). We believe the official act by which the housing commissioners approve a site for a housing project must be reasonably recognizable as such action. The purchase of land without any indication that it would become the site for a housing project would not in itself constitute such approval. The commissioners could in theory have purchased land for its own administrative uses, and only later decided to use it for a housing project.

### S U M M A R Y

Section 13a of article 1269k, V.T.C.S., requires a housing authority to give public notice for approval of a site for a housing project if the approval occurred after September 1, 1981.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood